Wash, J.,
delivered the opinion of the Court.
This was an action of trover, brought by the plaintiff, Valois, against the defendant, Warner, in the Circuit Court, for a billiard tabic. Erom the bill of exceptions it appeal's that one J. B. D. Valois (whose deposition was read in evidence,) swore, that in the spring of 1824, the plaintiff loaned the billiard table in question, to one Maurice Laurent, to be set up and used by said Laurent on his own account, and for which he was to pay, or make no hire or remuneration to the plaintiff. It was also proved, that the billiard table in question had been attached, levied upon, and sold, as the property of said Laurent and one Erancis X. Valors, who had possessed, used, and claimed it as their own, for upwards of twelve months.
The plaintiff then offered to read the deposition of Laurent himself, which the Circuit Court would not permit, on the ground that he was an interested and incompetent witness. The plaintiff excepted to the opinion of the Court; the jury found for the defendant, and the plaintiff moved for a new trial: First, because the verdict was against law and evidence ; and second, because the deposition of Laurent was excluded. The motion for a new trial was overruled, and judgment given for the defendant; to reverse which, the plaintiff has come into this Court.
The Circuit Courts have a discretion in granting or refusing new trials, which they are bound to exercise soundly j and it is a good ground for reversing their judgjj *524 ments, whenever it appears to this Court that they have failed to do so. In this case, the deposition of J. B. D. Valois had been twice taken, and his swearing is somewhat variant; this circumstance, with the nature of the property, the distance to which it was permitted to be taken, (from St. Louis to Potosi,) the acts of ownership exercised over it, and the relation of the parties, may have induced the jury to discredit the testimony of J. B. D. Valois, which it was their province to weigh and pass upon. There is nothing which forbids the belief, that they did so upon good grounds, and the Circuit Judge may well have exercised a sound discretion, in refusing a new trial on this point. On the second point, also, we think the Circuit Court decided correctly, in rejecting the deposition of Laurent. It has been contended that he stood indifferent, or balanced in interest, between the parties; but this Court cannot think so. His evidence was intended to discharge himself from all liability to the plaintiff, of whom he had borrowed the billiard table, by enabling him to recover the property, or its value, of the defendant; whilst upon the loss of the property by the defendant, he could not be made to answer for the amount paid by him for it, although it had been sold to pay his debt.
The judgment of the Circuit Court is, therefore, affirmed with costs.